1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT FULLER and JANET FULLER, husband and wife, | CASE NO. 3:15-cv-05489-RBL |
| Plaintiffs, | ORDER ON SAFECO INSURANCE COMPANY OF OREGON'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| SAFECO INSURANCE COMPANY OF OREGON, a foreign insurer, | |
| Defendant. | |

        THIS MATTER comes before the Court on Safeco's Motion for Summary Judgment.

Dkt. 17. The Fullers sued their insurer, Safeco, seeking coverage for a fire loss at their home.

Safeco contends that it had effectively cancelled the Policy two days prior to the loss, based on

the Fullers' failure to pay their insurance premium. The Fullers claim they never received the

cancellation notice. The issue is whether Safeco's cancellation notice was effective under RCW

48.18.290, even if the Fullers did not receive it.

1

## I.   FACTS

2

**A.  The Policy.**

3   The homeowners policy issued by Safeco lists Robert and Janet Fuller as the named

4   insureds, M M Fryer & Sons Ins Co as the Fullers' agent, and Straight View Credit Union as the

5   servicing mortgagee. Dkt. 11-1, at 3, 4. The Policy bundled six types of coverage, including

6   dwelling coverage and personal property coverage. *Id*., at 4. The Policy outlined a contractual

7   term of one year, from March 30, 2014 to March 30, 2015. *Id*., Dkt. 11, at 3. However, at the

8   Fullers' election, the Fullers could cancel the Policy with notification to Safeco. Dkt. 16-2, at 5.

9   *See* Dkt. 11-1, at 5, 27. Safeco could also cancel the Policy for certain reasons, including

10   nonpayment of a premium:

11   4. Cancellation.
       . . .

12   b. We may cancel this policy only for the reasons stated below by notifying you in
       writing of the date cancellation takes effect. This cancellation notice may be delivered to

13   you, or mailed to you at your mailing address shown in your Policy Declarations. Proof
       of mailing shall be sufficient notice.

14           (1) When you have not paid the premium we may cancel at any time by notifying
               you at least at least 20 days[1] before the date cancellation takes effect. Dkt. 16-2, at

15   5.

16   **B.  Non-payment of the Policy premiums.**

17   According to Safeco's Shift Manager for Operations Support, John Mota, , Safeco mailed

18   a Non-Pay Cancellation Notice to the Fullers on January 5, 2015. Dkt. 11-1, at 32. Mr. Mota

19   claims the Notice was addressed to the Fullers at their last known address, placed in a sealed

20   envelope with proper postage affixed, and placed in a letter depository of the United States post

21   office. *Id.* Mota also attests that the Notice was never returned to Safeco by the post office. *Id.*

22   _____

23           [1] The Court has incorporated an endorsement, HOM-7100, as urged by the Fullers. Dkt.
       16-2, at 3-5. *See* Dkt. 11-1, at 5, 27. The endorsement modifies the Policy to require 20 days'

24   notice, rather than 10 days, a difference immaterial to the outcome.

ORDER ON SAFECO INSURANCE COMPANY
OF OREGON'S MOTION FOR SUMMARY
JUDGMENT- 2

Mota based his declaration on his personal knowledge and review of Safeco's records kept in the regular course of business. *Id.*

According to Safeco's records, the Notice informed the addressees, the Fullers, of the non-payment of their premium and the impending cancellation of the Policy:

> As of January 4, 2015, your current payment which was due on December 30, 2014 has not been received . . . PLEASE NOTE: Each policy listed on the back of this notice will cancel or expire at the Date and Time listed [of January 29, 2015 at 12:01am], unless your payment is postmarked and mailed no later than January 28, 2015.

Dkt. 11-1, at 34, 35.

The parties agree that the Fullers did not pay their premium, and as a result, Safeco cancelled the Fuller's interest in the Policy, effective as of January 29, 2015. Dkt. 11-1, at 38. Safeco did not cancel the Policy as to the interest of the mortgagee, Straight View Credit Union, until March 2, 2015, apparently electing to extend a grace period beyond the cancellation date. *Id.* The Policy requires notice to mortgagees to given notice at least as broad as that given to the named insureds, the Fullers. Dkt.16-2, at 4.

The Fullers claim they never received the Notice . Dkt. 16-4, at 2. Two employees of the Fullers' insurance agent, M M Fryer & Sons Insurance Company, also affirm that "[they] expect Safeco to mail a copy of any such notices to us, as it has done in the past, but that did not happen here" and that "[they] would have called the Fullers on the telephone and alerted them" if they had received such a notice. Dkt. 16-1, at 2; Dkt. 16-3, at 2.

On January 31, 2015, a fire damaged the Fullers' home. Dkt. 11-1, at 38. The Fullers later tendered a claim to Safeco, which denied coverage because Safeco had cancelled the Policy, effective as of January 29, 2015, for failure to pay a premium prior to the fire incident. *Id.*

**C.  Claims.**

The Fullers allege that, because of Safeco's wrongful coverage determination, the Fullers are entitled to damages, costs, and fees, for two common law claims (breach of contract; breach of implied covenant of good faith and fair dealing) and three statutory violation claims (Unfair Claim Settlement Practices Regulation; Washington Insurance Fair Conduct Act; and the Washington Consumer Protection Act). Dkt. 1-2. Safeco seeks dismissal of all these claims as a matter of law because it effectively cancelled the policy before the loss. It argues that Washington requires it to properly mail the cancellation notice, but it does not require that the insurer actually receive the cancellation notice for it to be effective.

## II.    DISCUSSION

The primary question before the Court is whether the Fullers have raised a genuine issue of material fact as to whether Safeco met its statutory obligations when cancelling their insurance policy for non-payment of an insurance premium. If not, the Fullers' claims fail as a matter of law.

**A.  Summary Judgment Standard.**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable fact-finder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the

ORDER ON SAFECO INSURANCE COMPANY
OF OREGON'S MOTION FOR SUMMARY
JUDGMENT- 4

1  evidence presents a sufficient disagreement to require submission to a jury or whether it is so

2  one-sided that one party must prevail as a matter of law." *Id.*, at 251-52. The moving party bears

3  the initial burden of showing that there is no evidence which supports an element essential to the

4  nonmovant's claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has

5  met this burden, the nonmoving party then must show that there is a genuine issue for trial.

6  *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine

7  issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477

8  U.S. at 323-24.

9  **B.  RCW 48.18.290.**

10      RCW 48.18.290, entitled, "Cancellation by insurer," sets out the minimum requirements

11  for insurers cancelling policies. It requires insurers to "deliver or mail written notice of

12  cancellation . . . includ[ing] the insurer's actual reason for canceling the policy[.]" RCW

13  48.18.290(1)(a). Notice must be provided at least ten days prior to the effective date of the

14  cancellation, and if the insurer opts to mail, rather than deliver, notice, the mailing must be

15  "deposit[ed] . . .  in a sealed envelope, directed to the addressee at his or her last address known .

16  . . with proper prepaid postage affixed, in a letter depository of the United States post office." *Id.*

17  at subsection (1)(c) and (2). The insured must also maintain records of mail later returned to the

18  insured, if any. *Id.* Finally, "the affidavit  of the individual making or supervising such a mailing,

19  shall constitute prima facie evidence of such facts of the mailing as are therein affirmed." *Id.* at

20  subsection (3).

21

22

23

24

ORDER ON SAFECO INSURANCE COMPANY
OF OREGON'S MOTION FOR SUMMARY
JUDGMENT- 5

**C. Analysis.**

Safeco's motion for summary judgment must be granted. Mr. Mota's declaration is a sufficient prima facie showing under RCW 48.18.290, and nothing that the Fullers allege, even if true, creates a genuine issue of material fact.

Mr. Mota's declaration sets forth a sufficient prima facie showing that Safeco mailed the Notice in accordance with its statutory obligations. *See* RCW 48.18.290. According to Mr. Mota, who is intimately familiar with Safeco's mailing systems and who reviewed relevant Safeco records, Safeco mailed the Notice to the Fullers on January 5, 2015. Dkt. 11-1, at 32, 34. The Notice informed the Fullers that their premium was past-due, and that if the Fullers did not postmark and mail the premium payment on or before January 28, 2015, the Policy would be cancelled, effective at 12:01am on January 29, 2015. *Id*. Mr. Mota declares further that, based upon a review of Safeco's records, Safeco mailed the Notice in a sealed envelope to the Fullers' last known address, with proper postage, and placed the mailing in a letter depository of the United States post office, and the Notice was not returned to Safeco. *Id*.

Because Safeco has made a sufficient *prima facie* showing that Safeco properly mailed the Notice, Safeco's cancellation of the Policy was effective prior to the fire loss. Therefore, Safeco does not owe the Fullers coverage under the Policy, and the Fullers' claims fail as a matter of law, unless the Fullers can point to a material issue of fact. They cannot. The Fullers argue that the fact that they and their agent did not receive the Notice creates an issue of fact. Dkt. 16, at 13, 14. A careful reading of *Wisniewski v. State Farm General Ins. Co.*, 25 Wn.App. 766, 769 (Div. 1, 1980) disposes of this argument. In *Wisniewski*, the court addressed the issue of whether mailing obligations of RCW 48.18.290 require an insurer to show that its insured received a notice of cancellation as a condition precedent to cancelling, finding in the negative.

1   *Id.*, at 767-769. The plaintiffs in *Wisniewski*, like here, insisted that they had not received any

2   notice, but that court found that "*[b]ecause it is undisputed* that State Farm mailed the

3   cancellation notice to the plaintiffs . . . the cancellation of the plaintiffs' fire insurance policy was

4   effective as a matter of law before the fire[.]" *Id.* (emphasis added). The plaintiffs' insistence that

5   they did not receive the notice did not create a material issue of fact as to whether the insurer

6   properly mailed the notice. The Fullers' argument is unavailing.

7        The Fullers argue that Safeco has not made a sufficient showing because Mr. Mota lacks

8   personal knowledge about the mailing, because although "[Mr. Mota] explained Safeco's

9   procedures . . . he was not present when the Fuller notice was allegedly mailed[.]" Dkt. 16, at 6.

10   However, the statute allows for either "the affidavit of the individual making *or supervising* such

11   a mailing" to attest to the mailing. RCW 48.18.290(3). Mota supervised the mailing. Dkt. 11-1,

12   at 32. The Fullers similarly argue that Safeco has not shown that Mr. Mota supervised the

13   mailing because he was not on physically on the premises, Dkt. 16, at 9, but the Fullers provide

14   no authority for their argument that supervision would require Mota to be physically present.

15   Instead, like in this case, the weight of authority allows for custodians of records to attest to a

16   general business records practice and compliance with that practice in a specific instance. This is

17   particularly common in cases where an office processes "such a large volume of business that no

18   one could be expected to remember any particular notice or letter." *Olson v. The Bon, Inc.*, 144

19   Wn.App. 637, 634 (Div. 3, 2008) ("independent proof [of mailing] may also be in the form of

20   business records"), citing *Farrow v. Dept' of Labor & Indus.*, 179 Wn. 453, 455 (1934). *See*

21   *also*, *Barkley v. GreenPoint Mortg. Funding, Inc.*. 190 Wn.App. 58, 67 (Div. 1, 2015)

22   (declaration of records custodian may satisfy personal knowledge requirement for business

23   records as evidence).

24

1       Next, the Fullers argue that the cancellation fails because Safeco did not give proper

2 notice to Straight Credit Union, the mortgagee. Dkt. 16, at 11. Based on the record provided, it

3 appears that Safeco may have given Straight Credit Union notice after Safeco had already

4 cancelled the Policy as to the Fullers, Dkt. 11-1, at 36, 38, 40, but while Safeco's notice

5 obligation to the Straight Credit Union may be similar to that owed to the Fullers, it is a distinct

6 obligation. *Wisniewski*, 25 Wn.App. at 769, citing to *Transit Lumber Co. v. Int'l Indemnity Co.*,

7 153 Wn. 594, 597 (1929). *See also*, RCW 48.18.290. The Fullers further argue that Safeco has

8 "no evidence" that Safeco fulfilled its statutory obligation to mail the Notice (1) in a sealed

9 envelope (2) with prepaid postage (3) and placed in a letter depository of the United States Post

10 Office, Dkt. 16, at 7-9, but Mota describes Safeco's mailing practice and its execution as to the

11 Notice at issue, Dkt. 11-1, at 32, and his declaration is sufficient. *See infra*. Finally, the Fullers

12 argue that summary judgment is not appropriate, because Safeco's coverage denial was incorrect

13 and inappropriate, and the Fullers are first party, not third party, claimants to the Policy. Dkt. 16,

14 at 14-16. However, the coverage denial was both correct and appropriate, *see infra*, and the

15 Fullers are not first party claimants, because Safeco cancelled the Policy prior to the Fullers' fire

16 loss, which is the basis for their claims.

17       Because Safeco did not owe coverage to the Fullers, the Fullers' claims for damages,

18 costs, and fees fail, and their claims should be dismissed. Although the language of RCW

19 48.18.290 should not be construed "so as to result in absurd or strained consequences, neither

20 should the court question the wisdom of a statute even though its results seem unduly harsh."

21 *Duke v. Boyd,* 133 Wn.2d 80, 87 (1997) (citation omitted). Washington law requires the insurer

22 to demonstrate that it properly mailed the Notice.  It specifically does not require the insurer to

23

24

ORDER ON SAFECO INSURANCE COMPANY
OF OREGON'S MOTION FOR SUMMARY
JUDGMENT- 8

1  prove that the insured received the notice, and claiming he did not is not enough to avoid

2  summary judgment.

3                                          * * *

4        Safeco Insurance Company of Oregon's Motion for Summary Judgment (Dkt. 11) is

5  **GRANTED**. Robert and Janet Fuller's claims are **DISMISSED** with prejudice The case is

6  closed.

7        IT IS SO ORDERED.

8        Dated this 30th day of March, 2016.

9

10                                       Ronald B. Leighton
                                         United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON SAFECO INSURANCE COMPANY
OF OREGON'S MOTION FOR SUMMARY
JUDGMENT- 9