HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT FULLER,

        Plaintiff,

v.

SAFECO INSURANCE COMPANY OF OREGON,

        Defendant.

CASE NO. C15-5489 RBL

ORDER ON SAFECO'S SECOND MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant Safeco's Second Motion for Summary Judgment [Dkt. # 28]. The case involves Safeco's attempted cancellation of the Fullers' homeowners' policy for non-payment of the premium. The Fullers claim they did not receive the cancellation notice. A fire damaged their home and Safeco denied coverage. The Fullers sued for coverage and for bad faith.

This Court granted Safeco's Motion for Summary Judgment on the cancellation notice's effectiveness [Dkt. # 18] and the Ninth Circuit reversed [Dkt. # 23]. It held that because the Safeco employee who testified about the mailing process, John Mota, was not actually "on shift" when the cancellation notice was sent, he did not adequately "supervise" the notice's mailing. Safeco therefore did not provide *prima facie* evidence that the notice was mailed. *See* RCW

48.18.290. In the absence of such evidence, the Fullers' testimony that they did not in fact receive the notice was enough to create a material question of fact about whether it was mailed. [Dkt. # 23]

On remand, Safeco moves for summary judgment a second time, relying on the additional declaration of employee Jeramie Olanda. Olanda testifies he *was* on shift when the notice was sent, and he describes the process that he supervised:

> 5. After the documents are run through the Gunther machine, a quality control operator checks the counts from the Gunther machine print out and ensures that the same number of documents inserted into the machine are also placed into envelopes. The envelopes are printed with the recipient's address. In this case, the envelope was addressed to Robert and Janet Fuller at 1215 E 3rd Street, Port Angeles, Washington, 98362-4403. The quality control operator that checked the batch of documents ran through the Gunther machine at 3:10 a.m. on January 5, 2015, which included the notice to the Fullers, was Chuck Leingang as indicated by the initials "CL" on Exhibit 1.
>
> 6. The envelopes run from the Gunther machine through a postage meter that attaches the proper U.S. postage. The posted envelopes are picked up by Pitney Bowes for mailing and delivery on the same day in which they are batched by the Gunther machine. On January 5, 2015, Pitney Bowes was an authorized agent for the U.S. Postal Service. Upon pick up from the Kent facility, Pitney Bowes verified all envelope counts a second time via the postage meter count.

[Dkt. # 29 at 2, 3].

Safeco argues that Olanda's testimony and evidence addresses the gaps identified by the Ninth Circuit, and is enough to make a *prima facie* showing that the Fuller's cancellation notice was mailed in accordance with Washington law.

The Fullers argue that Safeco's "second bite at the apple"[1] is no more effective than its first. It argues that even Olanda cannot testify that the Fuller's notice was actually placed at the U.S. Post Office for delivery, and that delivering a "spot checked" batch of 10,000 envelopes to Pitney Bowes[2] is not sufficient to meet the strict statutory requirements. They argue Olanda does not and cannot claim he not "supervised" the actual mailing of the Fullers' specific Notice, and his claim that Pitney Bowes routinely picks up Safeco's mail for delivery is not evidence that it actually picked up the Fullers' Notice and delivered it to the Post Office.

They also argue that even if Olanda *does* provide *prima facie* evidence of mailing, that only protects Safeco from a *plaintiffs'* summary judgment motion, but it does not entitle Safeco to summary judgment where the insured claims he never received the notice. They argue that the gaps in Safeco's Quality Control—its inability to say for certain that the envelope containing the Fullers' cancellation notice was actually placed at the post office for delivery—is its own fault, not the Fullers'.

Safeco counters that the Ninth Circuit identified only one flaw in its first summary judgment motion: Mota did not supervise the mailing, because he was not on shift at the time. It claims it corrected that evidentiary shortcoming, and that it is now entitled to judgment as a matter of law. It disputes the Fullers' characterization of the effect of meeting its *prima facie* obligation. It points to the Ninth Circuit's opinion, which held that "*in the absence* of" a *prima facie* showing of mailing, the Fullers' claim of non-receipt was enough to create a material dispute of fact about whether the notice was mailed. [*See* Opinion Dkt. # 23 at 3 (emphasis

---

[1] The Fullers object to the essentially identical motion as successive, but there was an intervening, successful appeal, and the opinion described clearly what was deficient. A second motion addressing that deficiency is not a waste of judicial resources, especially comparted to a jury trial on the issue of mailing.

[2] The Fullers' claim that Pitney Bowes was not a "depository" finds no support in the Ninth Circuit opinion, the statute, or a reasonable reading any other authority on the topic.

added)]. If Safeco *did* make the *prima facie* showing, the Fullers' denial of receipt is not enough to create an issue of fact as to mailing. Even the Fullers agree that mailing, not receipt, is the test. [Response Dkt. # 32 at 6 ("In Washington, the law is pretty clear that mailing, not receipt, justifies cancellation.")]. *Compare Cornhusker Casualty Ins. Co. v. Kachman*, 553 F.3d 1187, 1190 (9th Cir. 2007) (cancellation notice sent by certified (as opposed to regular) mail "must be actually delivered.")

Safeco argues that the statute does not require the insurer literally to place each letter at the post office (as opposed to delivering it to an authorized agent); such a requirement is unnecessary and would be absurd (and it would raise premiums for everyone). Instead it requires exactly and only what Safeco has now demonstrated that it did:

> The mailing of any such notice shall be effected by depositing [notice of cancellation] in a sealed envelope, directed to the addressee at his or her last address as known to the insurer or as shown by the insurer's records, with proper prepaid postage affixed, in a letter depository of the United States post office.

RCW 48.18.290(2).

The Court is reluctant to resolve a case on a second summary judgment motion after it was reversed the first time. But there is nothing for a jury to decide. The Fullers' credibility in claiming they did not receive the cancellation notice is not at issue; the only issue is whether Safeco has adequately demonstrated that it mailed the notice. The Fullers do not claim they paid the premium, or that Olanda did not do what he claims he did. They claim instead that he must prove that he personally delivered the correctly addressed, stamped envelope containing the notice to the post office. This is not what the statute or any reasonable interpretation of it requires.

While the statute and opinions construing it are perhaps understandably pro-insured, there is a "safe harbor" for insurers seeking to cancel a policy for non-payment of premium. An insurer can establish *prima facie* evidence of mailing by doing what Olanda claims that he did. His testimony and the evidence attached to his declaration are unrebutted.

Safeco's Motion for Summary Judgment is GRANTED and this case is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 8th day of January, 2019.

Ronald B. Leighton
United States District Judge